McLENDON *v.* PELT.

4-7551                                                    185 S. W. 2d 931

Opinion delivered March 12, 1945.

*W. C. Medley* and *L. B. Smead*, for appellant.

*C. M. Martin*, for appellee.

GRIFFIN SMITH, Chief Justice. In consequence of relations with a young man who had been her boyhood sweetheart—intimacies occurring at a time when she was slightly more than sixteen years of age—a baby girl was born to Marilyn McLendon November 7, 1942. It was named Donna Jeanne. The unmarried mother was then one month past seventeen. In her distraught condition Marilyn came to Little Rock and was cared for at Florence Crittenton Home, where she spent three months with the baby. Even in her confused status, mother love prevailed over physical inconvenience and economic adversity, and Marilyn resisted proposals that Donna be placed with unidentified adoptive parents. Marilyn's father did not want the baby taken to his home. His thought was that its identity should be "wiped out."

The mother consented that three friends of the family act as arbitrators. In circumstances indicating assent by all parties Donna Jeanne was placed with Wiley McLendon and his wife, Alda. Wiley is Marilyn's father's brother. He and Alda had been married ten years, and were childless. They thought the arrangement was permanent.

In January, 1944, Marilyn married Alvin M. Pelt, a soldier on leave. He had known Marilyn since she was nine years of age, having been reared in the same county, "just across the river." The child's existence and circumstances preceding its birth were fully revealed by Marilyn prior to her marriage. The couple first went to California, then to Washington at Walla Walla. Alvin is a supervising army mechanic and has a substantial income.

Responding to Marilyn's desire for her baby, then twenty months of age, Alvin joined his wife in requesting that they be allowed to take it. The McLendons had formed a deep attachment for Donna Jeanne and refused to part with her; whereupon the writ of *habeas corpus* was invoked. From an order, directing that the baby be surrendered to Marilyn and Alvin, the McLendons have appealed.

We are not insensible to the grief McLendon and his wife will experience through enforcement of the order. They no doubt believed that the baby would in effect and in affection be theirs. Their generous conduct in taking the infant at a time when its own maternal grandfather would not receive it bespeaks for them a high degree of kindness, and goodliness of rare quality. But the baby was born to Marilyn. She herself was little more than a child when the mystery was unfolded. Though what she did, and the things she said to the arbitrators and others, caused all concerned to believe that the problem of care had been forever settled, it cannot be said that the young mother was a free agent, or that she appreciated the full import or ultimate consequence of what was being done. She was a minor in fact and in law.

Marilyn's husband earnestly insists that he will give Donna Jeanne a father's care, that the child will be regularly adopted, and that it will share in any estate he may have. Alvin is shown to be of excellent character; and his willingness to assist in a delicate situation is praiseworthy.

The Chancellor correctly granted the writ.

Decree affirmed.